UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF UTAH, on behalf of UTAH DEPARTMENT OF ENVIRONMENTAL QUALITY, UTAH DIVISION OF AIR QUALITY,<br><br>Plaintiffs,<br><br>v.<br><br>CRESCENT POINT ENERGY U.S. CORP.,<br><br>Defendant. | Case No. 2:22-cv-00224-DAK<br><br>**STIPULATION OF SETTLEMENT AND ORDER** |

WHEREAS, Plaintiffs, the United States of America, by authority of the Attorney General of the United States and acting at the request of the Administrator of the United States Environmental Protection Agency and the State of Utah, on behalf of the Utah Department of Environmental Quality, Utah Division of Air Quality represented by the Utah Attorney General's Office under Section 19-2-117(3) of the Utah Code, filed a Complaint against Defendant Crescent Point Energy U.S. Corp. ("Crescent Point" or "Defendant") pursuant to Section 113(b) of the Clean Air Act (the "Act"), 42 U.S.C. § 7413(b), and Section 19-2-115 of the Utah Air Conservation Act (the "Utah Act"), Utah Code Ann. § 19-2-115. Plaintiffs seek civil penalties for violations of Section 111 of the Act, 42 U.S.C. § 7411, and its implementing regulations at 40 C.F.R Part 60, Subparts OOOO and OOOOa; the Utah Act and its implementing regulations at Utah Administrative Code r. R307-101-1 *et seq.*; and Utah's federally approved State

Implementation Plan ("SIP"), for alleged unlawful emissions of volatile organic compounds ("VOCs") from storage vessels and their associated vapor control systems that were part of Crescent Point's oil and natural gas production systems in the Uinta Basin; and

WHEREAS Defendant neither admits nor denies the alleged violations of law stated in the Complaint; and

WHEREAS Plaintiffs and Defendant have agreed that settlement of this matter is in the public interest and that entry of this Order without further litigation is the most appropriate means of resolving this matter.

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the claims arising under the Clean Air Act pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355. This Court has supplemental jurisdiction over the State of Utah's state law claims pursuant to 28 U.S.C. § 1367.

2. The obligations of this Stipulation apply to and are binding upon the United States, the State of Utah, and upon the Defendant and its successors. Any change in Defendant's ownership or corporate status shall not alter its obligations hereunder.

3. Defendant shall pay a civil penalty of $3,000,000 to Plaintiffs not later than thirty (30) calendar days after entry by the Court of this Stipulation as an Order. Payment shall be made to Plaintiffs as follows:

    a. Defendant shall pay $1,500,000 to the United States by electronic funds transfer ("EFT") to the U.S. Department of Justice lockbox bank, referencing the DOJ file

number 90-5-2-1-12416/1. Payment shall be made in accordance with the instructions provided by the United States to Crescent Point upon entry of this Stipulation. Payment by EFT must be received by the U.S. Department of Justice lockbox bank by 11 a.m. ET to be credited on that day. A copy of the EFT transmittal notice shall be delivered to:

> Director, Air Enforcement Division
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, N.W.
> Mail Code: 2242A
> Washington, D.C. 20460

> and

> Chief, Environmental Enforcement Section
> Environmental and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, D.C. 20044-7611
> Re: DOJ # 90-5-2-1-12416/1

b. Defendant shall pay $1,500,000 to the State of Utah, Utah Department of Environmental Quality, Utah Division of Air Quality by EFT, in accordance with instructions that will be provided to Crescent Point following the entry of this Stipulation. The State of Utah and the Defendant agree that eighty percent (80%) of the total penalty amount due to the State of Utah ($1,200,000) shall be deposited into the Environmental Mitigation and Response Fund (the "Fund") as authorized by Section 19-1-603(3) of the Utah Code. The funds deposited by the Defendant to the Fund shall be earmarked for air quality-related projects authorized by Subsections 19-1-604(2)(a) through (c) of the Utah Code under the authority of Section 19-1-603(4) of the Utah Code. The funds will remain in the

Fund until depleted for use on these projects and will not revert or be paid back to the Defendant. The remainder of the penalty due to the State of Utah under this subparagraph ($300,000) shall be deposited into the General Fund under Section 19-2-115(9)(a) of the Utah Code.

4. Within thirty (30) business days of receipt of Crescent Point's payment referred to above in Paragraph 3 (and in the event the payment is not timely made any penalties, interest, or fees due under Paragraphs 5 and 6), the United States and the State of Utah shall file a notice with the Court, indicating that payment has been received, and that all of the United States' and the State of Utah's claims against Crescent Point alleged in the Complaint may be dismissed with prejudice, with each Party bearing its own costs and attorney's fees. The State of Utah reserves the right to reimburse itself for attorney's fees incurred in pursuing this action from the penalty amount due to the State of Utah as set forth in Subparagraph 3.b under the authority of Section 19-2-115(9)(b) of the Utah Code.

5. In the event that Defendant does not comply with the payment obligations of Paragraph 3 above, it shall be in violation of this Stipulation and shall pay a stipulated penalty to the United States and the State of Utah in the amount of one thousand dollars ($1,000) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall accrue regardless of whether Defendant has been notified of a violation or demand for payment by the United States or the State of Utah. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 3 above for payment of the civil penalty. Further, interest shall continue to accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If payment

specified in Paragraph 3 is not made when due, then, in addition to other remedies herein, the United States and the State of Utah reserve the right to move this Court to vacate this Stipulation.

6. If the payment provided for in this Stipulation is not timely paid, this Stipulation shall be considered an enforceable judgment for purposes of post-judgment collection of any unpaid amounts in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable federal authority. Crescent Point shall be liable for reasonable attorneys' fees and costs incurred by the United States and the State of Utah to collect any amounts past due under this Stipulation.

7. This Court shall retain jurisdiction for the purpose of interpreting and enforcing this Stipulation.

8. Crescent Point's payment of the civil penalty specified in Paragraph 3 above and any stipulated penalties and interest required by Paragraph 5 above shall resolve the civil liability of Crescent Point and its successors to the United States and the State of Utah for violations alleged in the Complaint through the date of the filing of this Stipulation of Settlement.

9. Crescent Point and its successors waive any counterclaims against the United States and the State of Utah that might have been filed in this action.

10. Except as covered by the resolution of liability in Paragraph 8, in any subsequent proceeding brought by the United States and or the State of Utah, Crescent Point shall not assert any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States and or the State of Utah in the subsequent proceeding were or should have been brought in the instant case.

11. Nothing in this Stipulation is intended to operate in any way to resolve any civil claims other than those addressed in Paragraph 8, or any criminal liability of Crescent Point or its affiliates, parent companies, partners, agents, successors, assigns, or other entities or persons otherwise bound by law.

12. This Stipulation may not be construed to prevent or limit the rights of the United States or the State of Utah to obtain penalties or injunctive relief under the Clean Air Act, or under other federal laws, regulations, or permit conditions, except as provided in Paragraph 8.

13. Civil penalties and any stipulated penalties paid pursuant to this Stipulation are not deductible by Defendant or any other person for federal tax purposes.

14. Nothing in this Stipulation creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation.

15. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits. Except as provided in Paragraph 8, Defendant's compliance with this Stipulation is not a defense to any action commenced pursuant to said laws, regulations, or permits.

16. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation.

17. This Stipulation may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

18. Defendant agrees to accept service by mail with respect to all matters arising under or relating to this Stipulation and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this

Court including, but not limited to, service of a summons. Service shall be mailed to: Randy Dann and Jon Rauchway, Davis Graham and Stubbs, 1550 17th Street, Suite 500, Denver, Colorado 80202. Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Stipulation as an Order of the Court.

19. If for any reason this Court should decline to approve this Stipulation in the form presented, this Stipulation is voidable at the sole discretion of any Party and the terms of the Stipulation may not be used as evidence in any litigation between the Parties.

20. The Parties hereby agree that, upon the Court's approval and entry of this Stipulation, it shall constitute a final Order of the Court.

## ORDER

As stipulated to and agreed by the Parties, IT IS SO ORDERED AND ADJUDGED.

Dated: __March 30, 2022__

_____
Dale. A. Kimball
United States District Judge

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of <u>United States v. Crescent Point Energy U.S. Corp.</u>

**FOR THE UNITED STATES OF AMERICA:**

        NATHANIEL DOUGLAS
        Deputy Section Chief
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice

Dated: 3-29-22

        JAMES D. FREEMAN
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        999 18th Street
        South Terrace, Suite 370
        Denver, Colorado 80202
        Telephone: (303) 844-1489
        James.Freeman2@usdoj.gov

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of United States v. Crescent Point Energy U.S. Corp.

**FOR THE UNITED STATES OF AMERICA:**

Dated: 03/17/2022

KATHLEEN BECKER
Digitally signed by KATHLEEN BECKER
Date: 2022.03.17 15:30:39 -06'00'

KC BECKER
Regional Administrator
U.S. Environmental Protection Agency, Region 8
Denver, CO 80202

Dated: 03/16/2022

SUZANNE BOHAN
Digitally signed by SUZANNE BOHAN
Date: 2022.03.16 11:59:42 -06'00'

SUZANNE J. BOHAN
Director
U.S. Environmental Protection Agency, Region 8
Denver, CO 80202

Dated: 03/16/2022

KENNETH SCHEFSKI
Digitally signed by KENNETH SCHEFSKI
Date: 2022.03.16 08:46:29 -06'00'

KENNETH C. SCHEFSKI
Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 8 Denver, CO 80202

Dated: 03/17/2022

LAUREN HAMMOND
Digitally signed by LAUREN HAMMOND
Date: 2022.03.16 08:56:18 -06'00'

LAUREN HAMMOND
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 8
Denver, CO 80202

9

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of <u>United States v. Crescent Point Energy U.S. Corp.</u>

**FOR THE STATE OF UTAH:**

Dated: 3/18/2022

*Marina V. Thomas*
Digitally signed by Marina V. Thomas
Date: 2022.03.18 13:04:56 -06'00'

MARINA V. THOMAS
Assistant Utah Attorney General
Health and Environment Division
Utah Attorney General's Office
SEAN D. REYES
Utah Attorney General
195 North 1950 West P.O. Box 140873
Salt Lake City, Utah 84114-0873
Telephone: (385) 414-0801
marinathomas@agutah.gov

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of <u>United States v. Crescent Point Energy U.S. Corp.</u>

**FOR CRESCENT POINT ENERGY U.S. CORP:**

Dated: March 8, 2022

_____
Ryan Gritzfeldt,
President, Treasurer and Secretary